IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Christy Diane Norris, ) | |
| ) | C.A. No. 8:09-2726-HMH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| TitleMax of South Carolina, Inc. and ) | |
| James Breedin Bowen, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Defendant TitleMax of South Carolina, Inc.'s ("TitleMax") motion to transfer venue. For the reasons stated below, the court grants TitleMax's motion and transfers venue to the United States District Court for the Southern District of Georgia.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Christy Diane Norris ("Norris") filed suit against Defendants in the Court of Common Pleas, Anderson County, South Carolina on March 5, 2009, alleging negligence and defamation/credit slander causes of action. On April 20, 2009, TitleMax "filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. . . . in the United States Bankruptcy Court for the Southern District of Georgia." (Def. Mem. Supp. Trans. Venue 2.) TitleMax subsequently removed the instant case to federal court pursuant to 28 U.S.C. §§ 1334(b) and 1452(a) on October 20, 2009.

TitleMax filed the instant motion on October 27, 2009, seeking to transfer venue to the United States District Court for the Southern District of Georgia. Norris's response in opposition was due on November 16, 2009. Norris did not file a response. Accordingly, the

1

motion is now ripe for decision.

## II. Discussion of the Law

TitleMax seeks a transfer of venue in order for "this case [to] be heard as an adversary proceeding in TitleMax's ongoing Chapter 11 reorganization." (Id. at 2.) "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412.[1]

> The factors to be considered in determining the convenience of the parties are: (1) the proximity of creditors of every kind to the court; (2) the proximity of the debtor to the court; (3) the proximity of the witnesses necessary to the administration of the estate; (4) the location of the assets; (5) the economic administration of the estate; and (6) the necessity for ancillary administration if a liquidation should occur.

In re Mainline Contracting, No. 09-7927, 2009 WL 3785568, **2-3 (E.D.N.C. Nov. 10, 2009) (quoting In re Commonwealth Oil Refining Co., 596 F.2d 1239, 1247 (5th Cir. 1979)).

TitleMax asserts that half of its creditors are located in Georgia, its corporate headquarters are located in Savannah, Georgia, the majority of the necessary witnesses are located in Georgia, and the majority of its assets are located in Georgia. (Def. Mem. Supp. Trans. Venue 3-4.) Moreover, "[t]he home court presumption provides that a court in which the bankruptcy case itself is pending is the proper venue for adjudicating all related litigation, including those suits which have been filed in other state or federal courts." Dunlap, 331 B.R. at 678 (quoting Hohl v. Bastian, 279 B.R. 165, 177-78 (Bankr. W.D. Pa. 2002)). Based on the foregoing, the court finds that the convenience of the parties and the interests of justice weigh in favor of transfer. Accordingly, the court grants TitleMax's motion to transfer venue to the

---

[1] The term "proceeding" has been interpreted "to include an action 'related to a case under title 11.'" Dunlap v. Friedman's Inc., 331 B.R. 674, 679 (Bankr. S.D. W. Va. 2005).

United States District Court for the Southern District of Georgia.[2]

It is therefore

**ORDERED** that TitleMax's motion to transfer venue, docket number 7, is granted. It is further

**ORDERED** that this case is transferred to the United States District Court for the Southern District of Georgia.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
January 13, 2010

---

[2] Pursuant to 18 U.S.C. § 1334(b) and § 1452(a), TitleMax removed the instant action to this court from state court. By issuance of this order, the court offers no opinion regarding whether the Southern District of Georgia should abstain pursuant to § 1334(c) or whether subject matter jurisdiction exists under § 1334(b).